M’Girk, C. J.,
del j vered the opinion of the Court.
This was on a petition to foreclose a mortgage. The case was, that Tong and Hubardeau made a mortgage of certain lands to Hughes; and on a petition filed under the statute, to foreclose the mortgage, and have the premises sold, the defendants appeared, and to the petition filed a general demurrer; which demurrer was sustained, and judgment for the defendants; to reverse which, the cause is brought here. The error assigned, is, that judgment should have been for the plaintiff. The advantage intended to be taken by the defendants, was, that this mortgage had but one seal; but here no oyer was craved of the deed, consequently it is not before the Court at all ; yet the Court below seems to have taken notice of it, because it appears, the plaintiff gave a copy thereof, with his petition. This was no oyer; therefore, the paper was not before the Court. But suppose oyer had been craved and given ; yet a general demurrer would have been unavailing, because we may adopt the same seal; and if, in fact, one never did seal it, he cannot take advantage thereof by general demurrer, but must plead won est factum. This point was decided by the Court in two cases at St. Louis. The first was the case of Fletcher v. Van Zant; the other was the case of Wilkins, &c., v. Thomas M’Knight, and J. M’Knight and T. Brady.
*275 The judgment of the Circuit Court is reversed, with costs; and this Court, proceeding to give such judgment as the Court below ought to have given, do decree a sale of the mortgaged premises, &c.